JACOB EGERTON JR. vs. PHILO D. HART et al.

RUTLAND,
*February,*
1836

Egerton
vs.
Hart et al.

Where a dilatory plea, before a justice of the peace, is, even after judgment thereon, by the consent of parties *waived*, judgment may be rendered on the merits, and the record may be made up as if no such plea had been ever interposed.

This was an action of debt on a jail bond, given to the plaintiff as sheriff of Rutland county on admitting Philo D. Hart to the liberties of the prison, when committed on an execution in favor of Lowell W. Guernsey. On the trial, the execution of the bond and breach of its condition being conceded, the plaintiff showed a duly certified copy of a judgment rendered by justice Marsh, of Shrewsbury, on the 14th day of January 1832, in favor of said Gurnesey against said Hart, on which the execution isssued whereon said Hart was committed. The defendants relied on said judgment being void, and introduced a copy of a record of a proceeding and judgment between the same parties, of the same date before said Justice Marsh, at Shrewsbury on which they relied to show said judgment void. The record produced by the plaintiff showed the issuing of an original writ in an action on a note against Philo D. Hart and George Hart, a service on Philo D. Hart only, and a judgment against him only ; on which execution issued. The record produced by the defendants showed the issuing of said writ, the service on Philo D. Hart only, and the record then proceeded thus, " Parties appeared and defendant " plead in abatement to plaintiff's declaration ; whereupon plaintiff " suffered non suit and paid defendant his cost, which was taxed at " $4,25. Parties then agreed to go to trial on condition the de- " fendant should take no exceptions to the body of the writ. " Whereupon the defendant plead in abatement to the writ, the " service having been made on Philo Hart and issued against " Philo and George Hart, which objection was deferred for further " consideration by the said justice, whereupon the said parties " agreed to go on to the trial of the merits, and in case the afore- " said plea of abatement prevailed, the defendant to recover his " costs, and if the plaintiff succeeded in supporting his declaration " on the merits, then the plaintiff to recover judgment upon the " matters aforesaid. On the 14th day of January 1832, it was " adjudged by the said justice that the defendant's plea of abate- " ment was good, and that the defendant recover his costs, taxed at " $1,30. And further, that the plaintiff had supported his declar- " claration and found for him to recover $11,52 damages and " costs, taxed at $2,28." The county court decided that said judgment was not void, and rendered judgment for the plaintiff to which the defendant excepted.

RUTLAND,
*February,*
1836.

Egerton
*vs.*
Hart et. al.

*Argument for defendants.*—The case shows that on the process originally sued out, a judgment of non-suit was rendered. The process was then ended. It was " *functus officio.*"

The agreements by the parties to revive the process was without consideration; it was a mere *nudum pactum.*

*Argument for the plaintiff.*—The only question to be decided is, in regard to the validity of the justice's record.

In the first instance, the justice in attempting to make his record of the judgment, endeavored to give a detailed history of the several pleas in abatement, which were severally decided against the plaintiff, and the subsequent waiver of those pleas by the defendants on payment of the costs, and the final agreement of the parties to take a trial upon the merits; but in this attempt to give a narrative, he failed to make a correct history. Upon the application of the plaintiff for a copy of the record, he so far corrected his record as to strike out the narrating part of the several pleas in abatement, and the subsequent agreements of the parties, and made up his record as though no objections had been taken and no agreements made.

In support of the action the plaintiff produced a certified copy of the record, which was perfect, and to which no objection could be made.

In defence the defendants produced another copy purporting to be a copy of the same record. which was incorrect and imperfect, and it is for the court to decide which of these copies is to be received as the true copy of the record, or whether a magistrate has a right to correct his record and make it according to truth, whenever he finds he has committed an error in making up his record.

The opinion of the court was delivered by

COLLAMER, J.—Was this judgment void? No irregularity . or informality can render a judgment *void*, and so make all concerned tresspassers, when the judgment has been rendered by a court of competent jurisdiction and the parties have had due notice. It is to be recollected this is not a proceeding to reverse the judgment.

But it is insisted that really and in fact the defendant had no notice, and there was no precept. To show this the defendants, suggesting diminution, produced another copy of record, which they insist is of the same judgment, and shows it void. Their indentity is not certain, and this oblique manner of *impeaching* and *reversing* a judgment cannot be sustained unless in may be evidence to show it *void*, in fact. On examination of this paper we discov-

er nothing of that character.   Hart had notice was present and the whole course was taken by his consent.   It is obvious the justice but attempts to detail the course of proceedings too frequently indulged before justices, especially by lawyers, of taking one exception or dilatory proceeding after another, and on being paid cost, *waiving the objection*.   And though such is not precisely the language used, such is its effect.   Such waiver may as well take place by consent after a nonsuit as after a judgment sustaining a plea in abatement, which is constantly done.   Indeed after the waiver of the objection, the justice may treat it, together with all that resulted from it, as if it had never existed.   The proceedings were *in paper* and when the justice came to make up his record he was well justified in making it up as he delivered it to the plaintiff.

*Thrall for plaintiff.*
*Button, Merrill and Ormsbee for defendants.*